IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FLORDELIZA A. HAWKINS,<br><br>       Plaintiff,<br><br>vs.<br><br>PHILIP LNU, CLAIM ADMINISTRATOR SETTLEMENT FACILITY; CLAIMANT ADVISORY COMMITTEE; DOW CORNING TRUST; DOW CORNING BREAST IMPLANT SETTLEMENT;<br><br>       Defendants. | No.1:20-CV-00421-MAC-ZJH |

## **MEMORANDUM OPINION REGARDING VENUE**

Plaintiff Flordeliza A. Hawkins, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983. The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### **Analysis**

The Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, Plaintiff complains that claims administrators in Houston, Texas

and St. Mary's, Ohio unlawfully denied her claims under the class action Dow Corning Breast Implant Settlement fund. Doc. No. 1. Defendants are not residents of the same state, so 28 U.S.C. § 1391(b)(1) does not apply. As far as the undersigned can tell from reading Plaintiff's handwritten complaint, "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in Houston, Texas. § 1391(b)(2). Further, the Plaintiff filled in "Houston" as the appropriate Division in the complaint. Doc. No. 1. The Houston Division is in the United States District Court for the Southern District of Texas. Accordingly, venue is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This action should be transferred to the Southern District of Texas, Houston Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 20th day of October, 2020.

_____
Zack Hawthorn
United States Magistrate Judge